Filed 3/26/21  P. v. Taitague CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078227 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE242710) |
| PAUL JOHN TAITAGUE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In May 2005, a jury convicted Paul John Taitague of second degree murder (Pen. Code,[1] § 187, subd. (a)) and a number of other offenses arising from a fatal accident as Taitague recklessly drove a stolen car while trying to

---

[1]    All further statutory references are to the Penal Code.

evade police.  The court made a true finding on an alleged strike prior (§ 667, subds. (b)-(i)).

Taitague was sentenced to an indeterminate term of 30 years to life plus a consecutive six-year term.

Taitague appealed and this court affirmed his convictions and sentence in an unpublished opinion.  (*People v. Taitague* (June 8, 2006, D046884) [nonpub. opn.].)

In November 2019, Taitague filed a petition for resentencing under section 1170.95.  The court appointed counsel and received briefing from the parties.  After considering the record of conviction and this court's prior opinion, the court denied Taitague's petition.  The court determined the record demonstrated Taitague acted alone and was the actual killer of the victim.  The court found Taitague had not stated a prima facie case for relief under section 1170.95.

Taitague filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Taitague the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The facts of the offenses in this case are fully set forth in our prior opinion.  We will not repeat them here.  Suffice to note, Taitague acted alone in his reckless driving that directly caused the victim's death.  Thus, he is the actual killer.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issues that were considered in evaluating the potential merits of this appeal:

1. Whether Taitague was found guilty of felony murder or natural and probable consequences murder, and, if not, whether section 1170.95 applies; and

2. Whether the trial court may rely on the record of conviction to support its determination that Taitague is not statutorily eligible for section 1170.95 relief because he was the actual killer and acted with malice.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Taitague on this appeal.

DISPOSITION

The order denying Taitague's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.

4